REQUESTED BY: Senator John DeCamp Nebraska State Legislature 1116 State Capitol Lincoln, Nebraska 68509
Dear Senator DeCamp:
You direct our attention to LB 469 and the Warner amendment, No. 1298, adopted April 27, 1983. You ask two questions.
In your first question you ask, `Does the bill, as amended violate Article III, Section 14, of the Constitution of Nebraska by containing more than one subject?'
The amendment adopted amended §§ 8-1120, 44-116,77-2602, 79-1346, 81-8,129.01, and § 81-1010. These statutes deal with fees generated by the Department of Banking and Finance, the Department of Insurance, The Motor Vehicle Cycle Safety Education Fund, certain monies raised from cigarette taxation, State Department of Education Cash Fund, State Athletic Committee Cash Fund, and The Transportation Services Bureau Revolving Fund. In each instance the amendments authorize the transfer of monies from funds to the General Fund of the state.
The question to be answered in situations such as the present one, is whether or not the bill under consideration contains one subject. As our Supreme Court said inAnderson v. Tiemann, 182 Neb. 393, 155 N.W.2d 322 (1967):
 If an act has but one general object, no matter how broad that object might be, and contains no matter not germane thereto, and the title fairly expresses the subject of the bill, it does not violate Article III, section 14 of the Constitution.
In Anderson v. Tiemann the court was considering the Nebraska Revenue Act of 1967. They held that the Revenue Act did not violate the proscription of Article III, Section 14 by containing more than one subject.
As we read amendment No. 1298, it relates to the permissible purposes for which monies in specified funds may be utilized. It seems to us to be one general object. The fact that the funds are in many areas does not change the fundamental object of the bill to expand the permissible uses of particular funds. For that reason we believe that amendment No. 1298 does not violate Article III, Section 14
of the Nebraska Constitution.
In your second question you ask, `Does the bill, as amended cure any possible constitutional defects in the transfer of funds provided for in Section 27 of LB 602?'
As you indicate in your letter, LB 469 as now amended by amendment No. 1298, provides that certain cash funds may be transferred to the General Fund at the direction of the Legislature. We have previously issued Opinion No. 91, Report of the Attorney General 1983-1984, April 27, 1983, responding to a question posed by you and Senator Haberman. In that opinion we indicated that the attempted transfer in an appropriations bill of monies from certain cash funds to the General Fund violated Article III, Section 12 of the Nebraska Constitution. That section, of course, prohibits the amendment of statutes unless the amending act contains the sections to be amended. LB 628 did not do that.
LB 469, as amended by amendment No. 1298, specifically amends the statutes which set forth the allowable uses of the monies derived and deposited in specific and segregated funds of the State of Nebraska. Obviously, the amendment of these sections would overcome the objection to the appropriation bill referred to in Opinion No. 91. The effect of the amendment is to include as an authorized use the transfer, upon direction by the Legislature, of such monies to the General Fund.
As a final matter you point to Section 27 of LB 602. LB 602 is a deficiency appropriations bill for the current session. Section 27 directs the State Treasurer to transfer monies from certain named funds: Securities Act Cash Fund, Department of Insurance Cash Fund, Social Security Contributions Fund, State Athletic Commission Cash Fund, State Office Building Fund, and the Downtown Education Center and Office Rental Fund, to the Nebraska Capital Construction Fund.
We see no direct connection between LB 469 and the provisions of LB 602. As amended, LB 469 authorizes the Legislature to transfer those funds to the General Fund. Once they are in the General Fund they may be allocated as the Legislature sees fit.
We do, however, believe that the attempted allocation in LB 602 is probably invalid for the reasons set forth in Opinion No. 91. Obviously, the use of those funds in the Nebraska Capital Construction Fund is not a use authorized by the particular statutes relating to specific funds. However, it is also clear that the authority provided by LB 469 may be exercised in a subsequent appropriation bill in this legislative session and, thus, any perceived difficulty with the purported action in LB 602, Section 27 is curable by subsequent legislative action this session. It would not be necessary to mention the Nebraska Capital Construction Fund in any particular bill if the money is transferred to the General Fund, and an appropriation is made to the Nebraska Capital Construction Fund out of the General Fund.
Sincerely, PAUL L. DOUGLAS Attorney General Patrick T. O'Brien Assistant Attorney General